IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| KIM XI LEGACY ENTERPRISE LLC, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> ERIC J. RICHARDSON, § <br> § <br> § <br> § <br> § <br> Defendant. § | Case No. 2:24-cv-1053 <br><br> **Jury Trial Demanded** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Kim XI Legacy Enterprise LLC, ("Kim XI"), files this Complaint against Defendant Eric J. Richardson ("Richardson") and alleges, based on information and belief as follows:

**NATURE OF THE DISPUTE**

1. This cause of action arises from Defendant Richardson's trademark infringement of Kim XI's registered trademark under Section 39 of the Lanham Act.

2. Defendant is currently infringing Plaintiff's registered trademark without consent, and such infringement is likely to cause confusion, mistake, and/or deception.

1

3. As a result of Defendant's infringement of Plaintiff's registered trademark, Plaintiff Kim XI respectfully requests monetary, injunctive, and equitable relief.

## PARTIES

4. Plaintiff Kim XI is a limited liability company incorporated under the laws of the State of Texas, having a mailing address of P.O. Box 33582, Ft. Worth TX 76162-3582.

5. In December of 2020, Plaintiff Kim XI filed a trademark application serial number 90396673 for the mark "Overages Overflow", and on November 16, 2021, the United States Patent and Trademark Office registered the mark underlying the application. Plaintiff Kim XI is now the registered owner of the registered service mark no. 6559684 for "Overages Overflow" (the "Registered Mark") whose registration is attached as Exhibit 1.

6. Defendant Eric J. Richardson is the Manager of Defendant Prestige Family Assets Group, LLC.  He is a resident of the State of Florida and on information and believe is domiciled at 2794 Wedgewood Dr., North Fort Myers, FL 33917.

## JURISDICTION AND VENUE

7. This is an action for trademark infringement arising under Section 39 of The Lanham Act. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121. Further, the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Defendant Richarson because, on information and belief, he (a) has marked and distributed the Registered Mark and/or a colorable imitation thereof in connection with services for people within the State of Florida; (b) regularly transacts and conducts business within the State of Florida; (c) has otherwise made or established contacts within the State of Florida sufficient to permit the exercise of personal jurisdiction; and/or (d) resides and/or is domiciled in Florida in this Court's District.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) because Defendant Richarson is a resident of the State of Florida. Defendant Richardson is deemed to reside in the State of Florida under 28 U.S.C. § 1391(c)(1) because he is domiciled in this District.

## FACTUAL BACKGROUND

10. Plaintiff Kim XI was founded in 2016 by Kim Harris, its current Principal. Kim XI has and continues to use its Overages Overflow mark in connection with the book Tax Sales Overages Overflow (ISBN-13: 978-0578586557) which it published in 2019, a merchandise store at https://smart2gotraining.com/shop, and various online, on-demand, and/or live courses from at least as early as August of 2019 to provide training in various subjects including tax sales overages and business and professional development.

11. Plaintiff Kim XI also runs the website https://overagesoverflow.com/ and offers tax sales overage training at

3

https://smart2gotraining.com/course/overages-overflow-tax-sales-overages/ and https://smart2gotraining.thinkific.com/courses/overagesoverflowcourse.

12. Plaintiff Kim XI also runs the YouTube channel https://youtube.com/smart2gotraining which includes videos on the above subjects.

13. One significant area of teaching for Kim XI is tax sales overages, which are overbids, or excess funds, remaining on county books for collection from the previous owners of properties that are sold at a tax sale auction. For example, if a bidder overbids on a property to attain ownership, the surplus funds from the sale will be held by the county. Often times, the previous owners of the property are unaware that these funds are available to them. Overages specialists, or asset recovery specialists, pursue the previous owners to collect these monies on their behalf, retaining some percentage of the funds as a fee.

14. On or around December of 2020, Kim Harris ("Ms. Harris") became aware that Defendant Richardson was infringing the Registered Mark via a YouTube video that showed up in her feed, the video using the mark "Overage Overflow" (the "Infringing Mark").

15. Ms. Harris investigated the video and it was present within a YouTube channel named "Overage Overflow" created on or around October 25, 2020 by Defendant Richardson that provided education services in connection with tax overages and related subject matter.

16. Ms. Harris investigated Defendant Richardson further and discovered that he had enrolled in Plaintiff Kim XI's Overages Overflow course on or around October 4, 2020.

17. Shortly thereafter, Plaintiff Kim XI sent a cease-and-desist letter to Defendant Richardson, informing him of his infringement. Thereafter, Defendant Richardson changed his YouTube channel name from "Overage Overflow" to "Money Making Juggernaut" ("MMJ").

18. Later, in November of 2023, Ms. Harris was fed another video created by Defendant Richardson and upon further investigation found that he was using the Infringing Mark in connection with the email address overageoverflow@gmail.com that Defendant Richardson used and/or still uses in connection with the provision of, among other things, online real estate educational services.

19. Defendant Richardson also uses and/or has used the Infringing Mark in connection with his YouTube channel as the primary point of email contact for his educational courses on real estate and other related matters as set forth in Exhibit 2, MMJ Account Details.

20. Moreover, as shown in Exhibits 3 and 4, Defendant Richardson has instructed the public to contact him for educational services concerning overages and surpluses using the Infringing Mark.

21. And Defendant Richardson has also used the Infringing Mark in connection with the provision of real estate surplus funds training services offered on

other websites such as https://moneymakingjuggernaut.setmore.com/ as further set forth in Exhibit 5, Setmore Website.

22. Ms. Harris continued her investigation and discovered that Defendant Richardson publishes videos that use the Infringing Mark marks as background banners and on their lead image for presentation to the public.  This is shown in Ex. 6, Infringing Use of Registered Mark where the Money Making Juggernaut YouTube channel is shown using the Infringing Mark in multiple different videos as their lead image.  Those videos include, but are not limited to:

    a. https://www.youtube.com/watch?v=HfnaP9qZLSw



    b. https://www.youtube.com/watch?v=JuangmbeNPk



c. https://www.youtube.com/watch?v=NKDri3Wf0pU



d. https://www.youtube.com/watch?v=tux3ZmUq4NI



e. https://www.youtube.com/watch?v=ueevLKP4PpE



f. https://www.youtube.com/watch?v=-5ea7SxFFIo



23. In November of 2023, Plaintiff Kim XI sent a second cease-and-desist letter to Defendant Richardson and shortly thereafter received a response that clearly indicated that Defendant Richardson would not cease its infringing activities.

24. Defendant Richardson claims to earn in excess of $133,000/month in connection with his income streams that he created, on information and belief, by spring-boarding off of the Overage Overflow name. *See, e.g.*, https://www.youtube.com/watch?v=NBKJ1vR4cLk as set forth below:



9

25. Searches on YouTube for the Registered Mark result in Defendant Richardson dominate the search results as set forth in Exhibit 7, Registered Mark Search Results for example:



26. In sum, all of Defendant Richardson's income in relation to educational services for legal, accounting, and real estate including tax overages and other services developed since October of 2020 are attributable to his use of the Infringing Mark.

27. Furthermore, Defendant Richardson's refusal to cease use of the Infringing Mark is objective evidence of the value of that mark to Defendant

10

Richardson and clear evidence of intentional, wanton, and willful infringement with malicious intent to use the Infringing Mark without consent from Plaintiff Kim XI.

28. Defendant Richardson is also a bad faith junior user with respect to Plaintiff's mark and as such, is not entitled to use the Infringing Mark.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

29. Plaintiff Kim XI repeats and incorporates paragraphs 1–28 of the Complaint herein as though fully set forth in their entirety.

30. Under 15 U.S.C. §1114(a)–(b), any person who uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant.

31. The Infringing Mark "Overage Overflow" is a counterfeit of the Registered Mark "Overages Overflow" because it is substantially indistinguishable from the Registered Mark, merely using the singular instead of the plural.

32. The Infringing Mark "Overage Overflow" is a colorable imitation of the Registered Mark "Overages Overflow" because it merely uses the singular instead of the plural and is thus likely to cause confusion or mistake or to deceive.

33. Defendant Richardson's actions demonstrate an intentional, willful, and malicious intent to use the Registered Mark without consent from Plaintiff Kim XI.

34. Defendant Richardson has used, and continues to use, the Infringing Mark in bad faith in connection with the marketing, sale, and provision of his live and/or online educational related services.

35. Defendant Richardson has caused, and are likely to continue to cause, substantial injury to the public and to Plaintiff as long as Defendant Richardson unlawfully uses the Infringing Mark.

36. Plaintiff Kim XI is entitled to injunctive relief, damages, and reasonable attorneys' fees under §§ 1114, 1116, and 1117.

## COUNT II
## UNFAIR COMPETITION

37. Plaintiff Kim XI repeats and incorporates paragraphs 1–36 of the Complaint herein as though fully set forth in their entirety.

38. Under 15 U.S.C. §1125(a), any person who uses in commerce any word, name, or symbol, or any false designation of origin, false or misleading description of fact, false or misleading representation of fact which is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, shall be liable in a civil action by any person who believes they are or are likely to be damaged by such an act.

39. Defendant Richardson has used, and continue to use, the Infringing Mark in bad faith in connection with the marketing, sale, and provision of his live and/or on-line educational related services.

40. Defendant Richardson has caused, and are likely to continue to cause, confusion, mistake, and/or deceive as to the affiliation, connection, or association of Defendant Richardson with Plaintiff Kim XI as to the origin, sponsorship, or approval of Defendant Richardson goods, services, or commercial activities by Plaintiff Kim XI.

41. Defendant Richardson caused, and is likely to continue to cause, substantial injury to the public and to Plaintiff Kim XI as long as Defendant Richardson unlawfully uses the Infringing Mark.

42. Plaintiff Kim XI is entitled to injunctive relief, damages, and reasonable attorneys' fees under §§ 1116–18.

## EXCEPTIONAL CASE FINDING

43. Plaintiff Kim XI hereby requests that the Court find this case exceptional per 15 U.S.C. § 1117(a) and award Plaintiff its reasonable attorneys' fees and costs.

## TREBLE DAMAGES

44. Plaintiff Kim XI hereby requests that the Court find that based on Defendant Richardson's knowing and intentional use of the Infringing Mark, the damages awarded be trebled as provided for by 15 U.S.C. § 1117(b) along with Plaintiff's reasonable attorneys' fees and costs.

## STATUTORY DAMAGES

45. Plaintiff Kim XI hereby requests that the Court find that Defendant Richardson's use of the Infringing Mark was willful in connection with the sale, offer

for sale, or distribution of goods or services, and that damages be awarded for such use as provided for by 15 U.S.C. § 1117(c)(1) in the amount of $2,000,000, but in any case not less than $200,000 per § 1117(c)(2).

## JURY DEMAND

46. Plaintiff Kim XI hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kim XI prays for relief as follows:

1. That the Court enter judgment in favor of Plaintiff Kim XI and against Defendant Richardson that the Defendant is liable for trademark infringement per 15 U.S.C. § 1114(a) and (b);

2. That the Court enter judgment in favor of Plaintiff Kim XI and against Defendant Richardson that the Defendant is liable for unfair competition per 15 U.S.C. § 1125(a);

3. That the Court find that the Registered Mark has been infringed and that the Infringing Mark(s) is a counterfeit and colorable imitation thereof;

4. That the Defendant be compelled to account to Plaintiff Kim XI for any and all profits derived from the sale or distribution of goods or services having the Infringing Mark thereon or used with respect thereto;

5. That the Court enjoin Defendant Richardson (all its officers, members, agents, representatives, successors, assigns, employees, and all other persons acting for, with, by, through or under authority from Defendant Richardson) from:

    a. Using the Registered Mark, including any reproduction, counterfeit, copy, or colorable imitation thereof;

    b. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff Kim XI's business reputation or dilute the Registered Mark;

    c. Advertising, marketing, promoting, offering for sale, distributing, or selling good or services using the Registered Mark, or any reproduction, counterfeit, copy, or colorable imitation thereof;

    d. Passing off, or assisting in passing off the Registered Mark, or any reproduction, counterfeit, copy, or colorable imitation thereof; and

    e. Using the Registered Mark or any reproduction, counterfeit, copy, or colorable imitation thereof in social media accounts and websites, including any online website domains;

6. That Defendant Richardson be ordered to deliver up for impoundment all goods in the possession, custody, or under the control of Defendant Richardson bearing the Registered Mark or any reproduction, counterfeit, copy, or colorable imitation thereof that are found to adopt, infringe, or dilute the Registered Mark or that otherwise unfairly compete with Plaintiff;

7. That the Court find this case to be exceptional in favor of Plaintiff per at least 15 U.S.C. § 1117(a);

8. That the Court award Plaintiff its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117;

9. That the Court award Plaintiff treble damages pursuant to 15 U.S.C. § 1117;

10. That the Court award Plaintiff statutory damages pursuant to 15 U.S.C. § 1117; and

11. That the Court award Plaintiff any and all such other and further relief as Plaintiff may show and/or that the Court may deem just, equitable, and/or proper.

Dated: November 15, 2024                             Respectfully submitted,

                                **ADAIR MYERS STEVENSON YAGI PLLC**

                                By:  */s/ Matthew S. Compton, Jr.*
                                    Matthew S. Compton, Jr.
                                    ***Pro Hac Vice Pending***
                                    Texas Bar No. 24078362
                                    24 Greenway Plaza
                                    Suite 1305
                                    Houston, TX 77046
                                    Tele: 713-522-2270 x2016
                                    Fax: 713.522.3322
                                    MSC@am-law.com

                                **ATTORNEYS FOR PLAINTIFF**