UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIM XI LEGACY ENTERPRISE
LLC,

      Plaintiff,

v.                       Case No.:  2:24-cv-1053-SPC-KCD

ERIC J. RICHARDSON,

      Defendant.

_____/

### **OPINION AND ORDER**

Before the Court are Defendant Eric J. Richardson's Motion to Dismiss (Doc. 22) and Plaintiff Kim Xi Legacy Enterprise LLC's Memorandum in Opposition (Doc. 24).  For the below reasons, the Court denies the motion.

This is a trademark infringement case.  Plaintiff alleges the following in its complaint.[1]  Plaintiff is a company that "provide[s] training in various subjects including tax sales overages and business and professional development." (Doc. 1 ¶ 10).  This training is found in a book, a website, online courses, and YouTube videos.  (*Id.* ¶¶ 10–12).  Plaintiff's "Overages Overflow" courses train enrollees how to generate revenue by recovering excess funds from tax sale auctions.  (*Id.* ¶ 13).

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Defendant enjoyed this training, enrolling in one of Plaintiff's "Overages Overflow" courses. (*Id*. ¶16). In fact, he enjoyed it so much that he started offering his own educational YouTube videos. (*Id*. ¶¶ 14–25). He used the "Overage Overflow" term in his YouTube channel name. (*Id*. ¶ 15). He also used it in his business email address. (*Id*. ¶¶ 18, 19). And he pasted a large "OVERAGE OVERFLOW" banner over many of his YouTube videos. (*Id*. ¶ 22).

Plaintiff now would like to teach Defendant another lesson. Plaintiff registered the "Overages Overflow" mark with the United State Patent and Trademark Office. (*Id*. ¶ 5). And it sent Defendant multiple cease-and-desist letters. (*Id*. ¶¶ 17, 23). In response, he changed his channel name but continued using the "Overage Overflow" term in his videos. (*Id*.). Plaintiff now sues under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., claiming trademark infringement and unfair competition. (*Id*. ¶¶ 29–42). Defendant moves to dismiss. (Doc. 22).

Defendant asserts that two affirmative defenses support dismissal—laches and fair use. (*Id*.). "Generally, the existence of an affirmative defense will not support a motion to dismiss." *Quiller v. Barclays Am./Credit, Inc*., 727 F.2d 1067, 1069 (11th Cir. 1984). But "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint."

*Id.* Relying on this principle, Defendant asserts that the complaint has built-in defenses of laches and fair use. The Court disagrees.

"[A] defendant must demonstrate the presence of three elements in order to successfully assert laches as a defense: (1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1141 (11th Cir. 2018) (citation omitted). And "[w]hile the Lanham Act does not contain a statute of limitations, in trademark cases we have applied the period for analogous state law claims as the touchstone for laches." *Id.* (cleaned up). Florida's is four years. *Id.* (citing Fla. Stat. § 95.11).

The Court cannot dismiss this case on laches grounds. Viewing the complaint most favorably to Plaintiff, four years did not pass between its discovery of the alleged infringement and suit. Some courts reject laches on this basis alone. *See, e.g.*, *Earth, Wind & Fire IP, LLC v. Substantial Music Grp. LLC*, 720 F. Supp. 3d 1261, 1278 (S.D. Fla. 2024) ("The bottom line is that the delay is less than four years. Because of that, Plaintiff's claims are not barred by laches."). Even taking a more flexible approach to the laches analysis, the Court cannot properly weigh the competing equitable factors based only on the allegations in the complaint. *See Ares Def. Sys., Inc. v. Karras*, No. 615CV1107ORL22DAB, 2016 WL 7042957, at *3 (M.D. Fla. Mar.

10, 2016), *report and recommendation adopted*, (Apr. 18, 2016) ("The usual procedure for litigating a defense of laches is to assert facts supporting the contention as an affirmative defense as part of the answer pursuant to Federal Rule of Civil Procedure 8(c) and then issue can be joined with an appropriate factual record for disposition on summary judgment (if warranted) or at trial following discovery of the facts of the 'delay,' and whether such delay was 'excusable.'); *Pronman v. Styles*, No. 12-80674-CIV, 2013 WL 3894978, at *5 (S.D. Fla. July 26, 2013) (holding that laches is an "equitable remed[y] that [is] fact intensive, thereby making [it] an unsuitable basis for dismissal at the pleading stage").

The same is true for Defendant's fair use affirmative defense. "A defendant is entitled to the fair use defense if it establishes that it used the allegedly infringing term (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1363 (11th Cir. 2019) (quotation omitted). The Court cannot find that Defendant prevails on all three prongs based on the complaint's allegations alone.

For example, the allegations do not establish that Defendant used "Overages Overflow" in good faith. Defendant points out that the complaint alleges he changed his channel name after being contacted. According to Defendant, this shows good faith. Maybe so, to some degree. But Plaintiff does

not challenge only the name of his channel.  It also alleges that his email address and use of the term in his video banners infringe on its trademark. (Doc. 1 ¶¶ 18–22).  As alleged, Defendant has continued this activity.

Defendant also argues that Plaintiff's allegations of bad faith are conclusory.  (Doc. 22-1 at 10).  But this argument gets the burdens wrong. Plaintiff need not allege *any* bad faith to overcome the fair use defense.  *See, e.g.*, *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (noting that a plaintiff need not negate an affirmative defense in its complaint).  Rather, the burden is on Defendant to show the complaint is self-defeating.  He cannot.

At bottom, Plaintiff alleges that Defendant took its course, created his own channel using Plaintiff's trademarked term, offered the same courses coupled with the same term, and refused to stop using the term after being contacted.  Given these allegations, "[i]t is not clear on the face of the Complaint" that his usage of the term was fair use.  *See, e.g.*, *3Lions Publ'g, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019) (rejecting a fair use defense at the pleadings stage when faced with similar factual allegations).

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion to Dismiss (Doc. 22) is **DENIED.**

2.  **On or before May 15, 2025**, Defendant must answer the complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on May 1, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record