**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

KIM XI LEGACY ENTERPRISE, LLC,

Plaintiff,

v. Case No. 2:24-cv-1053-SPC-KRH

ERIC J. RICHARDSON,

Defendant.
_______________________________/

# ORDER

This matter is before the Court on Defendant Eric J. Richardson's Motion to Compel Discovery (Doc. 46). Plaintiff Kim XI Legacy Enterprise, LLC filed a Response in Opposition (Doc. 51). For the reasons explained below, the Court finds the Motion should be granted and denied in part.

## Background

Kim XI sued Richardson for trademark infringement—claiming Richardson's YouTube channel name, "Overage Overflow," traded too closely on Kim XI's own "Overages Overflow" mark. (Doc. 46 at 2-3). Before suing, Kim XI sent two cease-and-desist letters (one in 2020 and one in 2023). (Doc. 51 at 1-2).

Richardson took a 30(b)(6) deposition, and Kim XI designated its founder, Kim Harris, as its representative. At her deposition, Harris testified that (1) Corey McCowen helped her draft the 2020 letter and (2) Ronda McCoy, a friend and lawyer, assisted with the 2023 letter. (Doc. 46 at 1, 4-5). Neither name appeared in

Kim XI's initial disclosures or its earlier interrogatory answers about third-party communications concerning Richardson. (Doc. 46 at 1).

So Richardson served supplemental discovery seeking both individuals' contact information and any documents or communications tying them to this case. (Doc. 46 at 1, 5). Kim XI refused, mainly on work-product grounds. Kim XI asserted that McCowen and McCoy were consultants assisting with correspondence sent in anticipation of litigation, and their mental impressions and related materials are shielded under Rule 26(b)(3). (Doc. 51 at 1-4). Kim XI also said all communications with McCoy were by phone, so there would be nothing responsive in that regard. (Doc. 51 at 3-4).

**Legal Standard**

Under the Federal Rules of Civil Procedure, discovery is permitted to obtain "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671-ORL-31DAB, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

The party moving to compel discovery bears the initial burden of proving it is relevant. *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185-ORL-22TBS,

2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016). The responding party must then demonstrate how the discovery is improper, unreasonable, or disproportionate. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-cv-146-MSS-AAS, 2021 WL 5961144, at *1 (M.D. Fla. Dec. 16, 2021); *see also Nolan v. Integrated Real Est. Processing, LP*, No. 3:08-cv-642-J-34HTS, 2009 WL 635799, at *1 (M.D. Fla. Mar. 11, 2009) ("When opposing the motion [to compel], a party must show specifically how the requested discovery is" objectionable.). That said, resolution of a motion to compel discovery is within the trial court's sound discretion. *See Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

**Discussion**

Several points cut across most of the individual requests addressed below and are worth stating up front.

To start, relevance is not seriously in dispute, notwithstanding Kim XI's brief argument to the contrary. Richardson pleaded laches and estoppel as defenses. The circumstances surrounding the 2020 and 2023 demand letters—why they were sent then, what prompted them, and what Kim XI knew at the time—bear directly on whether Kim XI unreasonably delayed pursuing its claim. (Doc. 46 at 7-8). McCowen and McCoy are (by Kim XI's own account) the two people who helped shape those letters. Rule 26(b)(1) does not require Richardson to prove his defense before he can discover facts bearing on it; the Rules require only that the discovery be relevant to a claim or defense and is proportional to the case. Fed. R. Civ. P.

26(b)(1). Information about the genesis of the very letters underlying the suit clears that bar.

Kim XI's response does not seriously engage this point. Rather than dispute relevance directly, Kim XI argues that McCowen and McCoy are not third parties, but consultants whose communications form part of Kim XI's own deliberative process. (Doc. 51 at 6). That is a privilege argument dressed as a relevance argument. So it falls short here.

On identity and contact information, Kim XI relies heavily on Rule 26(a)(1)(A)(i), which only requires disclosing people it plans to rely on. (Doc. 51 at 5). What Kim XI points at, however, are its mandatory initial disclosures. Richardson served written discovery through interrogatories and RFPs. Required initial disclosures are a different matter entirely from what an opponent may seek through written discovery.

Richardson's requests reach any relevant, nonprivileged information regardless of whose case it helps. (Doc. 46 at 6). Kim XI put McCowen and McCoy into the fray, naming them as the people who helped draft the demand letters at issue. (Doc. 46 at 4-5). Because Kim XI invoked discovery protection, it bears the burden of establishing that the protection shields what it seeks to withhold—not the other way around. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). A name and a phone number are facts; they do not turn into mental impressions just because the person who holds them once helped write a demand letter. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) ("[W]here

production of [relevant and non-privileged] facts is essential to the preparation of one's case, discovery may properly be had."). Kim XI's fallback—that McCoy's phone number is privileged because she is a "consultant," (Doc. 51 at 7)—does not survive because a phone number reveals nothing about anyone's legal analysis. *See Pierce Cnty., Wash. v. Guillen*, 537 U.S. 129, 144-46 (2003) (recognizing that "privileges should be narrowly construed"). Richardson, therefore, gets full identifying and contact information for both individuals sought in Request 58.

Two of Richardson's remaining RFPs, however, overreach. Request 9 seeks all documents containing communications to or from Kim XI regarding Richardson, with no limitation to McCowen or McCoy; and Request 51 seeks all non-privileged documents Kim XI sent to or received from any person concerning this litigation. (Doc. 46 at 10). Richardson's stated justification for compelling discovery here is narrow: Harris's deposition testimony identifying two previously undisclosed witnesses. (Doc. 46 at 1, 7). Neither Request 9 nor Request 51 is tailored to that justification. Plus, both would functionally reopen general document discovery. These requests are denied as overbroad.

The documents and communications are a different story for each person, and Kim XI cannot treat them the same way. The Court takes each in turn.

**1. McCowen**

One piece of the record is a particular problem for Kim XI's position on McCowen: the 2020 letter is signed "Corey McCowen, In-House Legal Counsel, KIM XI LEGACY ENTERPRISE LLC." (Doc. 51-1 at 2). This letter does not imply

outside pre-paid legal services that Kim XI now describes. (Doc. 51 at 1-2). Nor does it appear to be someone whose assistance would qualify as a consultant's protected mental impressions.

Kim XI has not explained the discrepancy. To be clear, the Court is not deciding whether McCowen was indeed in-house counsel, outside counsel, a paid consultant, or something else entirely—only that Kim XI cannot assert the protection while ignoring its own records. Any responsive, non-privileged communications or documents involving McCowen must be produced. If Kim XI maintains that nothing beyond the letter already in the record exists, (Doc. 51 at 6), that representation must be presented in an affidavit, not in an unsworn line in a brief. *See Giannerini v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:22-cv-2075-RBD-LHP, 2023 WL 8643471, at *2 (M.D. Fla. Dec. 14, 2023) (ordering defendant to support its supplemental discovery response with an affidavit or sworn declaration explaining it had no responsive documents). To the extent Kim XI continues to press a privilege or work-product reason over any identified document involving McCowen, that assertion should also be supported by affidavit or other competent evidence, not argument alone. *See* Middle District Discovery (2021) at Section VI(B).

As to Request 61, which seeks documents concerning the "prepaid legal services" Harris referenced at her deposition, Kim XI has not separately accounted for this request beyond its general work-product position. (Doc. 51 at 6-7). And given the unresolved question of what McCowen's role with that service actually

entailed, the Court finds Kim XI must produce any non-privileged responsive documents or confirm by sworn declaration that none exist.

To the extent Kim XI claims privilege as to document requests related to McCowen (or McCoy, as explained below), it must provide an adequate privilege log. "The standard for testing the adequacy of a privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *United States v. Physician Partners, LLC*, No. 8:19-cv-1236-KKM-SPF, 2024 WL 2846007, at *5 (M.D. Fla. June 5, 2024) (quoting *CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *3 (M.D. Fla. July 20, 1995)); *see also Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-cv-694-FTM-29, 2012 WL 3778981, at *4-5 (M.D. Fla. Aug. 31, 2012) (stating that a proper privilege log should contain (1) the name and job title of the author of the document; (2) the name and job title of the recipient of the document; (3) the date the document was prepared and sent or shared with persons other than the author; (4) the title and description of the document; (5) the subject matter addressed in the document; (6) the purpose for which the document was prepared; and (7) the specific basis for the claim that it is privileged).

Because Kim XI failed to even produce a privilege log, much less describe the nature of the documents that would enable Richardson to assess the claim, *see* Fed. R. Civ. P. 26(b)(5), Kim XI has failed to meet its burden of proving any so-called privilege exists.

**2. McCoy**

McCoy presents a cleaner issue. Kim XI says everything with McCoy was conducted orally, and that there is nothing to compel production of documents. (Doc. 51 at 3-4, 6). That representation stands as to Requests 57, 59 and 60. But like the McCowen issue, it needs to come in a sworn declaration that specifically states that no responsive documents exist, not simply asserted in a memorandum. *See Giannerini*, 2023 WL 8643471, at *2.

Any remaining privilege or work-product objection needs more than what Kim XI has offered so far. Saying everyone already knows "the subject matter of the things over which protection is claimed" is not a substitute for identifying what is being withheld, from whom, and why—the whole point of a privilege log as explained above. (Doc. 51 at 4-5). A similar shortcut was rejected in this district, where a relator's single-entry categorical log describing withheld communications only in general terms was found insufficient even though the court had "no reason to question" the relator's good faith. A privilege log exists to let the opposing party test the claim, not to take the proponent's word for it. *See United States v. Physician Partners, LLC*, No. 8:19-cv-1236-KKM-SPF, 2024 WL 2846007, at *5 (M.D. Fla. June 5, 2024).

The same is true here. Kim XI's assertion that the subject matter is generally known does not tell Richardson who authored or received any specific document, when it was made, or why it qualifies for protection. If Kim XI still wants to withhold a specific document, it needs to log it properly, identifying—at

minimum—the specific basis for the privilege claimed with enough information to determine privilege.

**3. Fees**

Fees under Rule 37(a)(5) are a closer call, but not close enough to award them. Richardson is right that identity and contact information were always discoverable, and he seeks his own expenses on that basis. (Doc. 46 at 9). But the Court finds that Kim XI's broader work-product theory, even if it does not fully hold up against scrutiny, militates against awarding fees here. Kim XI's request for its own fees fares no better for the same reason. (Doc. 51 at 7-8). Expenses to either side are not warranted. *See Foodonics Int'l, Inc. v. Srochi*, No. 3:17-cv-1054-J-32JRK, 2020 WL 9670613, at *8 (M.D. Fla. Mar. 20, 2020).

**ORDERED**:

1. Defendant's Motion to Compel Discovery (Doc. 46) is **GRANTED and DENIED IN PART**.

2. **Within ten (10) days**, Plaintiff shall supplement its discovery responses to identify Corey McCowen and Ronda McCoy. Plaintiff shall also provide all known contact information for each, responsive to Interrogatory 7 and Request 58.

3. **Within ten (10) days**, Plaintiff shall produce any non-privileged documents or communications involving Corey McCowen concerning this litigation, responsive to Requests 56, 59, 60, and 61, or shall produce an affidavit confirming that no such documents exist beyond those already produced.

4. To the extent Plaintiff withholds any responsive document for privilege, Plaintiff shall serve an adequate privilege log **within the same ten (10) days**.

5. The Motion is **DENIED** as to Requests 9 and 51, which are overbroad.

6. The Motion is **DENIED** as to Requests 57, 59, and 60 to the extent they seek documents involving Ronda McCoy. Plaintiff's representation that no such documents exist is accepted, subject to production of an affidavit **within the same ten (10) days** stating that it has conducted a reasonably diligent search and, because of that search, either (a) all responsive, non-privileged documents that exist and are in Plaintiff's possession, custody, and control have been produced or (b) it has no responsive, non-privileged documents in its possession, custody, or control to produce.

7. Defendant's request for expenses under Rule 37(a)(5) is **DENIED**, as is Plaintiff's.

8. In all other respects, this Motion is **DENIED**.

In Fort Myers, Florida on July 20th, 2026.

Kevin R. Huguelet
United States Magistrate Judge